**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2012

Lyle W. Cayce
Clerk

No. 11-10604
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR TAPIA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-55-2

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Tapia challenges both his jury-trial conviction for conspiracy to possess, with intent to distribute, methamphetamine, and his sentence of, *inter alia*, 235-months' imprisonment. He contends: the evidence at trial was insufficient to support his conviction; and, he was entitled to a minor-role sentencing adjustment.

Because Tapia did not move at trial for judgment of acquittal, relief may be granted only for a manifest miscarriage of justice. *E.g.*, *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Avants*, 367 F.3d 433, 449 (5th Cir. 2004). This standard is met only if "the record [is] devoid of evidence of guilt or the evidence [is] so tenuous that a conviction is shocking". *Id.* Testimony at trial showed: Agents from the Drug Enforcement Agency arranged to buy, through a confidential informant (CI), a large quantity of methamphetamine from Sebastian de la Garza and Rogelio Estrada; Tapia was the supplier of the methamphetamine involved in that transaction; he arrived with Estrada to complete the deal; at the time of the deal, Tapia carried a gun that he displayed to the CI and described as protection; and, he provided security and countersurveillance for the transaction. Tapia has failed to show either that the record was "devoid of evidence" that he both knew about and participated in the drug transaction or that such evidence was "so tenuous" that a conviction would be shocking.

Tapia also contends the court clearly erred in calculating his advisory Guidelines-sentencing range by failing to decrease his offense level, pursuant to his contention that he was only a minor participant in the offense. *See United States v. McElwee*, 646 F.3d 328, 346 (5th Cir. 2011) (review of minor-role adjustment is for clear error); U.S.S.G. § 3B1.2. For the adjustment to apply, Tapia must show he was "peripheral to the advancement of the illicit activity". *Id.* As reflected above, the evidence at trial showed that Tapia both supplied the methamphetamine involved and provided security for the transaction. Accordingly, the evidence does not support Tapia's contention that the court clearly erred in finding his role was not "peripheral".

AFFIRMED.